JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, George Ervin, appeals his conviction pursuant to a jury trial held in the common pleas court, criminal division. After reviewing the record and the arguments of the parties, we affirm the conviction for the reasons set forth below.
 {¶ 2} On April 15, 2004, Ervin was indicted by the Cuyahoga County Grand Jury on one count of aggravated robbery, in violation of R.C.2911.01, and two counts of assault on a peace officer, in violation of R.C. 2903.13.
 {¶ 3} These charges arose from an incident that occurred on the night of February 26, 2004, which involved Ervin and two Cleveland police officers. That night, Officers Joseph Rini and Timothy Cannon were dispatched to respond to a report of a disturbance by a male (Ervin) at 3782 East 55th Street in Cleveland. When the officers encountered Ervin, he immediately began to swear at them, demanding that they leave. A struggle ensued between Ervin and the officers, and Ervin was subsequently arrested.
 {¶ 4} On June 28, 2004, a jury trial commenced on this matter. At the conclusion of the trial, the jury found Ervin guilty of count three of the indictment (pertaining to an assault on Officer Rini), but found him not guilty of the other two counts in the indictment. Consequently, on July 23, 2004, Ervin was sentenced to nine months in prison, with credit for time served.
 {¶ 5} Ervin now files this timely appeal asserting one assignment of error for this court's review:
 {¶ 6} "Appellant's conviction for assault on a peace officer is against the manifest weight of the evidence."
 {¶ 7} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State exrel. Squire v. City of Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 8} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v.Florida (1982), 457 U.S. 31, where the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 9} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 10} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 11} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 12} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "(1) knowledge that even a reviewing court is not required to accept the incredible as true; (2) whether evidence is uncontradicted; (3) whether a witness was impeached; (4) attention to what was not proved; (5) the certainty of the evidence; (6) the reliability of the evidence; (7) the extent to which a witness may have a personal interest to advance or defend their testimony; and (8) the extent to which the evidence is vague, uncertain, conflicting or fragmentary."
 {¶ 13} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt.State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 14} In the case at bar, after hearing all the evidence presented at trial, the jury found Ervin guilty of an assault on a peace officer. Pursuant to R.C. 2903.13, no person shall knowingly cause or attempt to cause physical harm to a peace officer while in the performance of their official duties. R.C. 2903.13(A)(C)(3). Upon review of the entire record, this court finds that the trier of fact did not lose its way and that it reasonably could have concluded that the state had proved the offense beyond a reasonable doubt.
 {¶ 15} All parties concede the fact that appellant's brother, Leonard Ervin ("Leonard"), called and requested police assistance at the residence of their mother on East 55th Street to deal with a situation involving Ervin. Leonard wanted Ervin to leave their mother's home, and Ervin refused. When the officers in question arrived on the scene, they were greeted by Leonard, who requested their assistance. Both officers informed Leonard that this was not really a police matter, but they agreed to speak with Ervin to see if they could diffuse the situation. Leonard then escorted the two officers to the back door and with his keys unlocked the door and let the officers into the home.
 {¶ 16} At that point, the evidence demonstrates that Officer Rini was the first person to encounter Ervin, who was in the kitchen. Officer Cannon and Leonard followed closely behind. Ervin greeted Officer Rini with swearing and cussing and ordered him to "get the f[***] out." Ervin was holding an empty 40-ounce malt liquor container and appeared intoxicated to both officers. When met with this greeting, Officer Rini asked Ervin to whom he was talking. The testimonial evidence demonstrates that Ervin indicated he was referring to Officer Rini and then "charged" at the officer. Both officers testified to this, stating that Ervin came after Officer Rini and started to push and shove him. Subsequently, the officers were forced to engage Ervin in a struggle, but were eventually able to restrain and subdue him.
 {¶ 17} In reviewing both the testimonial evidence, along with the physical and circumstantial evidence provided at trial, this court cannot say that the jury clearly lost its way in this trial. The "charge" on Officer Rini was enough to constitute an assault on a peace officer. Ervin made this charge while Officer Rini was in full dress uniform and on duty. There was substantial evidence to support a guilty verdict on the count on which Ervin was convicted. The jury's verdict as to the other two counts of the indictment are irrelevant to this court's analysis here. The jury did not lose its way in its findings at bar, thus Ervin's conviction should be upheld.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., And Kilbane, J., Concur.